IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JERÓNIMO CRUZ PEÑA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:25-CV-00344 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| PAMELA J. BONDI, in her official capacity as | § | |
| Attorney General of the United States; KRISTI | § | |
| NOEM, in her official capacity as Secretary of | § | |
| the Department of Homeland Security; BRET | § | |
| BRADFORD, in his official capacity as | § | |
| Houston Field Office Director, Immigration and | § | |
| Customs Enforcement; and ALEXANDER | § | |
| SANCHEZ, in his official capacity as Warden | § | |
| of the IAH Secure Adult Detention Facility, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jerónimo Cruz Peña's Petition for Writ of Habeas Corpus (the Petition), filed on December 19, 2025. [Dkt. 1]. For the reasons below, the Petition is **DENIED.**

## I. BACKGROUND

Petitioner Jerónimo Cruz Peña (Cruz) is a Mexican national who entered the United States illegally[1] in 2007. [Dkt. 1 at 2]. At some unknown time after his entry, immigration authorities apprehended Cruz and instituted removal proceedings against him. *Id.* Following his arrest, Cruz requested a bond hearing before an immigration judge. *Id.* The immigration judge declined Cruz's request, citing a lack of jurisdiction. *Id.* As a result, Cruz has remained in custody since his initial detention. *See id.* at 2–3. On December 19, 2025, Cruz filed this Petition, challenging the legality of his detention without a bond hearing. [Dkt. 1].

---

[1] In his petition, Peña states that he entered the United States "without authorization." [Dkt. 1 at 2].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Writ of Habeas Corpus

Cruz claims to be unlawfully detained under 8 U.S.C. § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for admission" who are not deemed "clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). According to Cruz, aliens who, like him, unlawfully entered the United States years ago, are not "applicants for admission" under section 1225(b)(2)(A). [Dkt. 1 at 4–6]. Instead, Cruz argues that 8 U.S.C. § 1226(a) applies to cases like his. *Id.* Under section 1226(a), an alien "may be arrested and detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General has discretion to release or "continue to detain" aliens detained pursuant to section 1226(a). *See id.* § 1226(a)(1)–(2).

Section 1225 governs here. The statute's first sentence provides that "an alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission." *Id.* An alien has been "admitted" once he has made "lawful entry . . . into the United States *after inspection* and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A) (emphasis added). Together, these provisions establish that an alien is an applicant for admission if he (1) entered the United States without inspection and (2) remains present in the country. *See id.*; § 1225(a)(1).

2

By Cruz's own admission, he entered the United States without inspection and is still present in the country. *See* [Dkt. 1 at 2]. Accordingly, he is an "applicant for admission" under section 1225. *See* 8 U.S.C. § 1225(a)(1). Further, by charging him with illegal entry and initiating removal proceedings against him, the Government necessarily found that Cruz was "not clearly and beyond a doubt entitled to be admitted." *See id.* Thus, section 1225 dictates that Cruz, an applicant for admission who was not deemed clearly and beyond a doubt entitled to be admitted, "shall be detained" during removal proceedings. *Id.* § 1225(b)(2)(A).

However, the inquiry does not end with section 1225. On its face, section 1226(a) also applies to Cruz, since it provides that "an alien"—any alien—"may be arrested and detained" pending removal proceedings. § 1226(a). The Attorney General "may continue to detain the alien" or decide to release the alien on bond. § 1226(a)(1)–(2). Because section 1226(a) does not distinguish between aliens who are applicants for admission and those who are not, it squarely conflicts with section 1225 in cases like Cruz's. *See* § 1225(b)(2)(A); § 1226(a). If section 1225 requires an alien's detention, the Attorney General necessarily has no discretion to release the alien. *See* § 1225(b)(2)(A). Yet, section 1226(a) purports to give the Attorney General that exact discretion. *See* § 1226(a). Something must give.

A "basic principle of statutory construction" easily resolves the conflict between the two provisions. *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976). When two statutes, one general and one specific, apply to the same subject matter, the more specific statute controls unless the legislature clearly intended otherwise. *See Radzanower*, 426 U.S. at 153; *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974). Here, section 1225(b)(2)(A), which applies only to a narrow class of aliens, is the more specific statute. *See* 8 U.S.C. § 1225(b)(2)(A). Further, Congress did not clearly intend for section 1226(a) to displace or supersede section 1225(b)(2)(A).[2] *See Radzanower*, 426 U.S. at 153; *Morton*, 417 U.S. at 550–51. Accordingly, section 1225(b)(2)(A), not section 1226(a), applies here. *See*

---

[2] If section 1226(a) applied in cases like Cruz's, section 1225(b)(2)(A) would not apply anywhere. The Court doubts that Congress would have enacted section 1225(b)(2)(A) despite knowing that that it would serve no purpose.

*Radzanower*, 426 U.S. at 153; *Morton*, 417 U.S. at 550–51. Because Cruz is an applicant for admission who was not found to be clearly entitled to admission, section 1225 provides that he "shall be detained" pending removal. *See* 8 U.S.C. § 1225(b)(2)(A). Accordingly, Cruz is not entitled to a bond hearing and the Government's failure to afford him a bond hearing does not violate the INA. *See id.*

## IV. CONCLUSION

Because Cruz has failed to demonstrate by a preponderance of the evidence that his detention violates federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Cruz's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**.

This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 5th day of January, 2026.**

*Michael J. Truncale*

Michael J. Truncale
United States District Judge